# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOE HAND PROMOTIONS, INC.,**

      **Plaintiff,**

**v.**                                                            **Case No: 6:24-cv-1506-RBD-EJK**

**CHUNK'S CRAFT BEER & BAGEL BAR, INC. and ALLAN JULIUS ZANONI,**

      **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Clerk's Default (the "Motion") (Doc. 11), filed October 9, 2024. Upon consideration, the Motion is due to be granted.

### I.  BACKGROUND

Plaintiff filed a Complaint against Chunk's Craft Beer & Bagel Bar, Inc. ("Chunk's Craft Beer"), and Allan Julius Zanoni ("Zanoni") (collectively, "Defendants"), on August 19, 2024, for alleged violations of the Communications Act of 1934, 47 U.S.C. § 553, *et seq*. (Doc. 1.) On September 9, 2024, the Verified Return of Service affidavit reflects that Defendant Chunk's Craft Beer was served the Summons and Complaint through its registered agent. (Doc. 9.) That same day, the Verified Return of Service affidavit also reflects that Defendant Zanoni was personally

served the Summons and Complaint. (Doc. 10.) Plaintiff now seek entry of a clerk's default against Defendants for their failure to appear in this case. (Doc. 11.)

## II.     STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III.    DISCUSSION

Defendants have not responded to Plaintiff's Complaint or otherwise appeared, and the time to do so has expired. Fed. R. Civ. P. 12(a) (providing that a defendant must file a responsive pleading to a complaint within 21 days after being served a copy of the summons and the complaint). The Court must now determine whether Plaintiff perfected service on either Defendant. The Court first takes up whether Plaintiff's service was proper as to corporate Defendant Chunk's Craft Beer.

Under the Federal Rules of Civil Procedure, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and

> the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

Florida law requires process to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) the cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; (e) or an agent designated by the corporation under Florida Statute § 48.091. *See* Fla. Stat. § 48.081. Alternatively, if service cannot be made under § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." Fla. Stat. § 48.081(3)(a).

According to Florida public records, the registered agent for Defendant Chunk's Craft Beer is Allan Julius Zanoni, with a registered address of 243 Maison Court, Altamonte Springs, FL 32714.[1] The Affidavit of Service shows that Defendant

---

[1] Detail by Entity Name of Chunk's Craft Beer & Bagel Bar, Inc., *Division of Corporations, an Official State of Florida Website*, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=ForwardList&searchNameOrder=CHUNKSCRAFTBEERBAGELBAR%20P190000245410&aggregateId=domp-p19000024541-698e9591-5a0d-4a24-ba7a86aa34b524da&searchTerm=CHUNK%E2%80%99S%20CRAFT%20BEER%20%26%20BAGEL%20%20BAR&listNameOrder=CHUNKINGSALES%208083450 (last visited Oct. 18, 2024).

Chunk's Craft Beer's registered agent was served on September 9, 2024. (Doc. 9.) Therefore, service was effective under Rule 4(h)(1)(B).

Under the Federal Rules of Civil Procedure, individual Defendant Zanoni may be served by:

> following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or doing any of the following: delivering a copy of the summons and of the complaint to the individually personally; leaving a copy of each at the individual's dwelling or usual abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)–(2)(A–C). The Affidavit of Service shows that Defendant Zanoni was personally served. (Doc. 10.) Thus, the Court finds that Defendant Zanoni was properly served as an individual pursuant to Rule 4(e)(2)(A).

Because Defendants were properly served on September 9, 2024, in compliance with the Federal Rules of Civil Procedure, and more than 21 days have passed with no responsive pleading filed, default is appropriate. Fed. R. Civ. P. 12(a)(1)(A)(i).

### IV.   CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion (Doc. 11) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter a default against Defendant Chunk's Craft Beer & Bagel Bar, Inc. and Defendant Allan Julius Zanoni.

**DONE** and **ORDERED** in Orlando, Florida on October 21, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE